IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JOHN LEMONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 11-0273-CV-W-FJG |
| | ) |
| UNKNOWN COMPUTER HACKERS, et. al, | ) |
| | ) |
| Defendants. | ) |

# ORDER

Currently pending before the Court is plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. # 1) and plaintiff's Motion for Appointment of Counsel (Doc. # 3). In his motion, plaintiff states that he is 52, single with no dependents. Under employment, plaintiff lists "SSI Retirement" stating that he receives $3,600.00 in gross income and $300.00 in net income per month. Plaintiff states that he does not own a home but does own five Cadillacs valued at $10,000. Plaintiff states that he has no cash on hand and states that he has no checking or savings accounts. Plaintiff states that in the past twelve months he has received approximately $3,600.00 in social security income. Plaintiff lists the following monthly expenses: $300.00 for monthly rent and $200.00 in grocery expenses. Plaintiff also indicates that he makes a $100.00 monthly payment to repay a $20,000 balance in "back pay for overpayment." Based on this information, the Court finds that plaintiff is sufficiently impoverished. However, in reviewing plaintiff's in forma pauperis application, the Court is also obligated to review the plaintiff's Complaint.

Pursuant to 28 U.S.C. § 1915 (e) (2) (B), the Court may dismiss a complaint filed

in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989), 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), superseded on other grounds by 28 U.S.C. § 1915.

> A pro se plaintiff must set forth enough factual allegations to "nudge [ ]their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009)("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. Burke v. North Dakota Dep't of Corr. & Rehab., 294 F.3d 1043, 1043-44 (8th Cir.2002)(citations omitted).

Harris v. Harris, No. 4:11CV3025, 2011 WL 926868, *1 (D.Neb. Mar. 15, 2011).

In reviewing plaintiff's Complaint it is unclear exactly what he is alleging. When asked to briefly describe the facts of his claim, plaintiff states: "Numerous amounts computers of had to be sent to the computer repair shop in Bremerton, Washington while I lived at 1032 Burwell St. #3. While I am handling as Civil Rights Complaint Case No. 0936112 John Lemonds v. John Does et al. In San Francisco, CA Ninth Circuit Court of Appeals." When asked to state the relief that he is seeking from the Court, plaintiff responds: "Find out who has been stealing my testimony to the Federal Clerk of Courts and Why do I have to take my computers to a repair shop to make them rich . . . Every time I buy a computer since January 1995 to the present." However, plaintiff has

failed to provide any details regarding his claim, such as exactly what happened, when, where and who is allegedly responsible.

In order to adequately determine if plaintiff has a federal claim the Court finds that additional factual information is necessary.  Accordingly, plaintiff is hereby ordered to respond to this Order and to provide the Court with an Amended Complaint which sets forth in greater detail the particulars of the alleged incidents, which defendants were involved and when the events were alleged to have occurred.  After the Court has reviewed the additional information, the Court will make a final determination as to the sufficiency of plaintiff's Complaint and whether it should be filed and served on the defendants.  Plaintiff shall file a response on or before **April 18, 2011.**  Plaintiff shall attach his Amended Complaint to the response he files with the Court.  Accordingly, plaintiff's Motion for Appointment of Counsel and for Leave to Proceed in Forma Pauperis are hereby provisionally **DENIED**.  The Court will reconsider these motions after plaintiff provides the requested information.

The Clerk of the Court is hereby directed to send a copy of this Order to plaintiff by regular U.S. mail and by certified mail, return receipt requested at the address listed below:

John Lemons, Sr.
8705 E. 114th Street
Kansas City, Missouri 64134

Date:   03/30/11
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge